### BRIDGHAM et al. v. KELLY et al.

(Supreme Court, Appellate Division, Third Department. May 6, 1903.)

1. FRAUDULENT CONVEYANCES—ACTIONS TO SET ASIDE—PAYMENT OF BONA FIDE INDEBTEDNESS.

Judgment creditors were not entitled to a judgment against their debtor and his father for damages as for a fraudulent transfer of property, on account of a confession of judgment and chattel mortgage executed by their debtor to his father previous to the recovery of their judgments, where prior to the recovery of their judgments the goods covered by the chattel mortgage were levied on under an execution issued upon a judgment recovered upon a bona fide indebtedness against the son, and were by him and the father surrendered in satisfaction of such judgment.

Appeal from Trial Term, Broome County.

Action by Prescott C. Bridgham and others against James F. Kelly, impleaded with James J. Kelly. From a judgment for plaintiffs, defendant James F. Kelly appeals. Reversed.

The action was brought by the plaintiffs for the purpose of setting aside a confession of judgment and chattel mortgage made by the defendant James J. Kelly to his father, the defendant James F. Kelly, on the 2d day of June, 1900, alleged to have been given and received with the intent of hindering, delaying, and defrauding the plaintiffs. The plaintiffs are judgment creditors of the defendant James J. Kelly, having judgments recovered after the confession of judgment and the chattel mortgage were given, upon claims existing prior thereto, and upon which judgments executions had been returned unsatisfied prior to the commencement of this action. On July 6, 1900, and prior to the recovery of any of the plaintiffs' judgments, the goods covered by the chattel mortgage were levied upon under an execution issued upon a judgment recovered by one Griswold upon a bona fide indebtedness against the defendant James J. Kelly, and on July 11th these goods were surrendered or turned over by James F. Kelly and James J. Kelly in payment and satisfaction of the Griswold judgment. The court decided that the confession of judgment and the execution of the chattel mortgage to secure the same were made with the intent on the part of both of the defendants of hindering, delaying, and defrauding the plaintiffs; that they were fraudulent and void as to the plaintiffs; and that the defendant James F. Kelly about July 12, 1900, assumed dominion over the property covered by the chattel mortgage, and took the same into his possession under the mortgage, and immediately disposed of the same, so the plaintiffs were prevented from reaching the property in satisfaction of their judgments. It was found that the property was worth the sum of $375 at the time of the execution of the confession of judgment and the chattel mortgage. Judgment upon the decision was rendered against the defendant James F. Kelly for the sum of $375 damages, with interest from July 12, 1900, besides costs, and from that judgment he has appealed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Frank J. Mangan, for appellant.
T. B. & L. M. Merchant, for respondents.

CHESTER, J. The plaintiffs' judgments were not recovered until several weeks after the levy under the Griswold judgment, and after the application of the property covered by the chattel mortgage to the payment of that judgment. It may be conceded, therefore, that the finding that the confession of judgment was void, as not containing a sufficient statement of facts, under the law, to support it, and that the finding that the confession of judgment and chattel mortgage were fraudulent and void as against the plaintiffs, have sufficient support in the testimony, yet the judgment appealed from cannot be sustained. There is no proof that James F. Kelly ever received any of the goods covered by the chattel mortgage, except to turn them over in payment of a valid judgment against his son. He has not been benefited in any way by the transaction. Nor have the plaintiffs been injured by any act of his in relation thereto. If the fraudulent confession of judgment and chattel mortgage had not been given and accepted, or if he had insisted that he owned the goods under the fraudulent mortgage, the levy under the Griswold judgment would nevertheless, in either event, have been a good one, and effective to reach these

goods for application to the payment of that judgment. How, then, could the plaintiffs be injured, when these goods were lawfully applied to the payment of a valid judgment against the son weeks before the plaintiffs had a judgment? By the joint act of the appellant and his son in applying these goods to the satisfaction of the Griswold execution and judgment, they were lawfully put beyond the reach of any execution which the plaintiffs thereafter became entitled to issue.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.